UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VAUDENCIA CEBALLOS HAMILTON,<br><br>    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 1:20-cv-00359-DCN<br>1:18-cr-00086-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Vaudencia Ceballos Hamilton's Motion to Reconsider (Dkt. 9).[1] Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Thus, in the interest of avoiding further delay, and because oral argument would not significantly aid its decisional process, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On March 13, 2018, a federal grand jury returned an Indictment charging Hamilton with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a) (Count 1), and Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) (Count 2), CR-86, Dkt. 12. On July 11, 2018, a federal grand jury returned a Superseding Indictment charging Hamilton with an

---

[1] In this Order, "CR-86" is used when citing to Hamilton's criminal case record in 1:18-cr-00086-DCN. All other docket citations are to the record in the instant civil case.

additional crime, Conspiracy to Distribute Fentanyl and Methamphetamine Resulting in Serious Bodily Injury and Death in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 (Count 3). CR-86, Dkt. 21. The punishment for distribution of Fentanyl and Methamphetamine Resulting in Serious Bodily Injury and Death mandates a minimum sentence of twenty years, while the mere possession with intent to distribute fentanyl or methamphetamine permits a sentence of not more than twenty years. Compare 21 U.S.C. § 21 U.S.C. 841(a)(1) with 21 U.S.C. § 841(b)(1)(C).

On February 2, 2019, Hamilton entered into a plea agreement with the Government. *Id.*, Dkt. 39. On March 11, 2019, Hamilton pleaded guilty to Count 3 of the Superseding Indictment, Conspiracy to Distribute Fentanyl and Methamphetamine Resulting in Serious Bodily Injury and Death. *Id.*, Dkt. 41. The Government moved to dismiss Counts 1 and 2 of the Superseding Indictment by oral motion. *Id.*, Dkt. 50. On June 12, 2019, this Court dismissed Counts 1 and 2 of the Superseding Indictment, and sentenced Hamilton to twenty years of imprisonment and five years of supervised release. *Id.*

On July 17, 2020, Hamilton filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 arguing that her counsel was constitutionally ineffective. Dkt. 1. On May 5, 2021, the Court denied Hamilton's motion. Dkts. 8, 9. On August 24, 2022, Hamilton filed a Motion to Reconsider. Dkt. 9. The Government has not responded to Hamilton's motion.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure permit courts to reconsider and amend previous orders. Fed. R. Civ. P. 59(e). Still, "[t]he Court does not take reconsideration

lightly . . . To succeed on a motion to reconsider, a party must first establish they have a right to ask for reconsideration; that is to say, they must establish one or more of the limited grounds for reconsideration are present." *United States, ex. rel. Rafter H Construction, LLC, v. Big-D Construction Corp.*, 358 F. Supp 3d 1096, 1098 (D. Idaho 2019). Once the moving party has established this right, the moving party then bears the burden of persuading the Court "that their purported reasons rise to the level of reversal." *Id.*

The four limited grounds upon which a district court may grant a motion for reconsideration are: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law." *Coffelt v. Yordy*, No. 1:16-CV-00190CWD, 2016 WL 9724059, at *1 (D. Idaho November 30, 2016) (citing *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *see also Carrol v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003) (explaining that motions to reconsider are "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources") (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

## IV. ANALYSIS

Hamilton relies on the factors from *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.

2022) to argue that the Court should reconsider her § 2255 motion. The *Pagtalunan* factors apply when a court has dismissed a complaint for failure to prosecute or comply with a court order. *Id*. at 642. Here, the Court dismissed Hamilton's § 2255 motion because it found that her counsel was constitutionally effective. *See* Dkts. 8, 9. There was no discussion of failure to prosecute or comply with a court order, and there was no complaint to dismiss. It appears Hamilton misunderstood the proper use of the factors in *Pagtalunan*.[2] Thus, the Court will not apply those factors in its analysis.

Still, the Court will consider the issues raised by Hamilton to see if reconsideration is appropriate.

**A. Motion to Reconsider**

A party moving for reconsideration under the Federal Rules for Civil Procedure must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Mendez v. Moonridge Neighborhood Ass'n, Inc.*, 2021 WL 2444161, at *2 (D. Idaho June 15, 2021) (cleaned up). These include (1) an intervening change in law; (2) the discovery of previously unknown evidence; and (3) the correction of a clear or manifest error in law or fact. *See Turner*, 338 F.3d at 1063. In *Turner*, the Court held that–because the movant did not present new evidence, a change in the controlling law, or a manifest error of law–the movant could not seek reconsideration. *Id*.

First, Hamilton argues that the COVID-19 pandemic deprived her of the opportunity

---

[2] Though the factors in *Pagtalunan* do not apply here, Judge Trott's concurrence rings true: ". . . our trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J. concurring).

MEMORANDUM DECISION AND ORDER-4

to reply to the Government's response to her § 2255 motion. But this is not an error of law or fact. Hamilton was permitted to reply but did not. *See* Dist. Idaho Loc. Civ. R. 7.1(b)(2).[3] In addition, Hamilton never notified the Court that she needed an extension to reply. Finally, a reply from Hamilton would not have changed the Court's decision on her § 2255 motion as the Court found that her arguments were adequately presented in her original motion.

Second, Hamilton states that "a dismissal with prejudice does run the risk of prejudicing the defendant because [it] deprives her of a right to be fully heard." Dkt. 9, at 1. The Court assumes that Hamilton is referring to the Judgment entered on May 5, 2022. Dkt. 8. Hamilton offers no evidence of wrongdoing by the Court nor caselaw to back this contention. The Court gave Hamilton the proper information to appeal its decision in its order regarding her § 2255 motion. Dkt. 7, at 14. The Court sees no deprivation of rights for dismissing the case with prejudice as the Court found that Hamilton's arguments were conclusory and did not give rise to a claim for relief. *Id*. at 4.

Third, Hamilton states that a "basic denial" or "a dismissal without prejudice" would be less prejudicial for her. Hamilton's argument boils down to disagreement with the Court's decision. Though she is entitled to disagree, disagreement alone is not a grounds for reconsideration. As the Court has noted elsewhere: "The bottom line is [] adverse or unfavorabl[e] rulings do not give rise to claims of judicial misconduct." *Quinn v. Kibodeaux*, 2020 WL 6701457, at *2 (D. Idaho Nov. 13, 2020), aff'd, 837 F. App'x 500

---

[3] The government responded (Dkt. 14) on January 14, 2021.

MEMORANDUM DECISION AND ORDER-5

(9th Cir. 2021).

Lastly, Hamilton contends that the "public favors the [] disposition of the case on the merits [and] is better served on a fully exhausted record." Dkt. 9, at 1. Again, Hamilton raises no evidence or authority for this contention. The Court has already ruled that Hamilton's claims in her § 2255 motion were conclusory and so did not give rise to a claim for relief. Hamilton's public policy argument does not implicate the factors from *Turner*, 338 F.3d at 1063, because her arguments seem to be based merely on Hamilton's disagreement with the Court's decision.

As a whole, Hamilton's arguments based on *Pagtalunan* do not hold any weight when applied to the *Turner* factors. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carrol v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003). Hamilton offers no evidence that any controlling law has changed in her arguments. In addition, a clear or manifest error is a high standard. As one court noted, "for a decision to be 'clearly erroneous' it must be 'more than just maybe or probably wrong; it must be dead wrong.'" *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (quoting *Hopwood v. Texas*, 236 F.3d 256 (5th Cir. 2000)). "A movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Hamilton has offered no evidence nor cited to any law that would back her claims. They amount to mere disagreements with the Court's decision, which is not enough to be successful on a motion

MEMORANDUM DECISION AND ORDER-6

for reconsideration.

### B. Federal Rules of Civil Procedure Rule 15(c)

Hamilton also cites Fed. R. Civ. P. 15(c) as grounds for amending her § 2255 motion. This rule provides that, within certain deadlines, parties may amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, they can only amend with the opposing party's written consent or if the court grants leave. Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.*

A motion to reconsider is not a motion to reargue the allegation of a claim or to provide a second bite at the apple. *See U.S. ex. rel. Rafter H Constr., LLC v. Big-D Constr. Corp.*, 358 F. Supp. 3d 1096, 1098 (D. Idaho 2019) ("A losing party cannot use a Rule 59(e) motion to relitigate old matters."). Instead, it is a device designed to prevent injustices if new evidence, entirely unknown to the movant at the time, is found before final judgment. *Id*. Or in the case of a pleading, new facts that make whole the elements of a cause of action or increase the plausibility of an allegation. *Id.*

Hamilton has not presented any new evidence or facts in her motion. She is trying to pursue arguments that were already covered in the Court's decision on her § 2255 motion. For instance, Hamilton attempts to argue her ineffective assistant of counsel claims once again. She restates some of the facts, from her view, and reasserts that she is innocent of the crime because she was not the but-for cause of Domenico Stewart's death. Dkt. 9, at 2. The Court has already addressed her ineffective assistance of counsel claims, including the specific claim she brings up again in this motion. And Hamilton has contradicted this claim herself:

MEMORANDUM DECISION AND ORDER-7

> Having reviewed the record, the Court finds Hamilton's allegations regarding Bublitz's purported failure to review exculpatory evidence and to present an argument against the causation element of her offense is not only conclusory and lacking evidentiary support, but is also contradicted by both the Government and Hamilton's express statements during the change of plea hearing, as well as by Bublitz's declaration.

Dkt. 7, at 10. The record reflects that Hamilton was fully aware of the facts surrounding Stewart's death when she agreed to take the plea deal. Hamilton correctly cites *Lafler v. Cooper*, 566 U.S. 156 (2012) for the proposition that the constitutional right to counsel applies to plea negotiations, but the Court found that she *was* assisted by effective counsel. Dkt. 7, at 11, 12-13.

Hamilton's final argument centers around Federal Rule of Evidence 701(c). This rule allows a lay witness to offer an opinion if that opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. She argues that, because she and Curtis were not experts on toxicology, they should not have been allowed to "opine" on Stewart's death. Dkt. 9, at 2. However, Hamilton was not making a statement on toxicology: she was willingly pleading to the Government's rendition of the facts that she was the but-for cause of Stewart's death. Thus, Hamilton's assertion of Rule 701(c) is inapt.

## V. CONCLUSION

Hamilton has not carried her burden of showing that she is entitled to seek reconsideration. Thus, her Motion to Reconsider is DENIED.

## VI. ORDER

**IT IS HEREBY ORDERED**:

1. Hamilton's Motion to Reconsider (Dkt. 9) is **DENIED**.

2. The Court's previous Memorandum Decision and Order (Dkt. 7) and Judgment (Dkt. 8) continues to govern this case.

DATED: February 14, 2023

_____
David C. Nye
Chief U.S. District Court Judge